UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PROMOTE INNOVATION LLC, | ) | |
| | ) | Case No. 6:10-cv-609 |
| Plaintiff | ) | |
| | ) | COMPLAINT FOR FALSE |
| v. | ) | PATENT MARKING |
| | ) | |
| ROBINSON HOME PRODUCTS INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

Plaintiff PROMOTE INNOVATION LLC alleges as follows:

## NATURE OF THE CASE

1.　This is an action for false patent marking under Section 292 of the Patent Act (35 U.S.C. § 292), which provides that any person may sue to recover the civil penalty for false patent marking. Plaintiff Promote Innovation brings this *qui tam* action on behalf of the United States of America.

## PARTIES

2.　Plaintiff PROMOTE INNOVATION LLC is a Texas limited liability company with a principal place of business in Houston, Texas.

3.　Defendant ROBINSON HOME PRODUCTS INC. is a New York corporation with a principal place of business at 2615 Walden Ave., Buffalo, NY 14225. Defendant can be served via its registered agent for service of process: Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

4.　The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over defendant. Defendant conducts or has conducted business within the State of Texas. Defendant offers or has offered for sale, sells or has sold, marks or has marked, and/or advertises or has advertised the products that are the subject of this complaint in the United States, the State of Texas, and the Eastern District of Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

## FACTS

7. Defendant has marked and/or continues to mark its products, including at least its Chip Clip products, (the Falsely Marked Products) with expired or otherwise inapplicable patents, including at least U.S. Patent No. D303,216, (the Falsely Marked Patents). Such false marking by defendant includes marking the Falsely Marked Patents upon, affixing the Falsely Marked Patents to, and/or using the Falsely Marked Patents in advertising in connection with the Falsely Marked Products.

8. U.S. Patent No. D303,216 is assigned to Think Solutions, Inc., formerly known as Advantage Housewares, Inc., a subsidiary of defendant.

9. U.S. Patent No. D303,216 expired no later than September 5, 2003. Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. D303,216 after September 5, 2003.

10. Defendant has falsely marked the Falsely Marked Products after the expiration of one or more of the Falsely Marked Patents, and using packaging that was created and/or revised after the expiration of the Falsely Marked Patents. For example, defendant marked U.S. Patent No. D303,216 on its Chip Clip products whose packaging bears a 2009 copyright date, and that were sold in stores as late as November 2010.

11. Defendant's patent markings for the Falsely Marked Products are made in a manner that can be easily updated to reflect accurate patent information. For example, U.S. Patent No. D303,216 is marked on defendant's Chip Clip products by printing on the products' paper packaging.

12. It was a false statement for defendant to mark the Falsely Marked Products with expired or otherwise inapplicable patents.

13. The competitive advantage gained by marking with expired or inapplicable patents provided a strong motive for defendant to deceive the public about the patented status of the Falsely Marked Products.

14. Defendant is a large, sophisticated company. Defendant has, and/or regularly retains, sophisticated legal counsel. Defendant has many years of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits. Defendant's patents, including the Falsely Marked Patents, were prosecuted by sophisticated legal counsel. Defendant maintains, or retains legal counsel that maintain on defendant's behalf, docketing systems that allow determination of patent expiration dates.

15. The 14-year term of U.S. Patent No. D303,216 is expressly stated on the face of the patent, and defendant knew that U.S. Patent No. D303,216 expired no later than 14 years from issuance.

16. Defendant knew that a patent that is expired does not cover any product.

17. Defendants knew that the Falsely Marked Patents were expired or otherwise inapplicable to the Falsely Marked Products.

18. Defendant knew that it was a false statement to mark the Falsely Marked Products with an expired or otherwise inapplicable patent.

19. Defendant falsely marked the Falsely Marked Products with the Falsely Marked Patents for the purpose of deceiving the public.

## INJURY IN FACT TO THE UNITED STATES

20. The false marking alleged above injured the United States.

21. The false marking alleged above caused injuries to the sovereignty of the United States arising from defendant's violations of federal law, specifically, the violation of 35 U.S.C. § 292(a).

22. The false marking alleged above caused proprietary injuries to the United States.

23. The marking and false marking statutes exist to give the public notice of patent rights.  Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.

24. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain—such as those described in the Falsely Marked Patents.

25. Congress's interest in preventing false marking was so great that it enacted a statute which sought to encourage private parties to enforce the statute.  By permitting members of the public to bring *qui tam* suits on behalf of the government, Congress authorized private persons like Promote Innovation to help control false marking.

26. The acts of false marking alleged above deter innovation and stifle competition in the marketplace for at least the following reasons: if an article that is within the public

domain is falsely marked, potential competitors may be dissuaded from entering the same market; false marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement; and false marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

27. The false marking alleged above misleads the public into believing that the Falsely Marked Patents give defendant(s) control of the Falsely Marked Products (as well as like products), and places the risk of determining whether the Falsely Marked Products are controlled by such patents on the public, thereby increasing the cost to the public of ascertaining who, if anyone, in fact controls the intellectual property embodied in the Falsely Marked Products.

28. Thus, in each instance where a representation is made that the Falsely Marked Products are protected by the Falsely Marked Patents, a member of the public desiring to participate in the market for products like the Falsely Marked Products must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

29. The false marking alleged in this case also creates a misleading impression that the Falsely Marked Products are technologically superior to previously available

products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

30.     Every person or company in the United States is a potential entrepreneur with respect to the process, machine, manufacture, or composition of matter described in the Falsely Marked Patents.  Moreover, every person or company in the United States is a potential competitor with respect to the Falsely Marked Products marked with the Falsely Marked Patents.

31.     Each Falsely Marked Product or advertisement thereof, because it is marked with or displays the Falsely Marked Patents is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives) which views such marking from commercializing a competing product, even though the Falsely Marked Patents do nothing to prevent any person or company in the United States from competing in commercializing such products.

32.     The false marking alleged in this case and/or advertising thereof has quelled competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

33.     The false marking alleged in this case constitutes wrongful and illegal advertisement of a patent monopoly that it does not exists and, as a result, and has resulted in increasing, or at least maintaining, the market power or commercial success with respect to the Falsely Marked Products.

34.     Each individual false marking (including each time an advertisement with such marking is accessed on the internet) is likely to harm, or at least potentially harms, the public.  Thus, each such false marking is a separate offense under 35 U.S.C. § 292(a).

35.     Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. § 292(b).

36.     For at least the reasons stated in paragraphs 7 to 35 above, the false marking alleged in this case caused injuries to the sovereignty of the United States arising from violations of federal law, and caused proprietary injuries to the United States.

## CLAIM

37.     For the reasons stated in paragraphs 7 to 36 above, defendant has violated section 292 of the Patent Act by falsely marking the Falsely Marked Products with intent to deceive the public.

## PRAYER FOR RELIEF

Plaintiff thus requests this Court, pursuant to 35 U.S.C. § 292, to do the following:

A.      Enter judgment against defendant and in favor of plaintiff for the violations alleged in this complaint;

B.      Order defendant to pay a civil monetary fine of $500 per false marking offense, or an alternative amount determined by the Court, one-half of which shall be paid to the United States; and

C.      Grant plaintiff such other and further relief as it may deem just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:  November 17, 2010                       Respectfully submitted,

                                                /s/  Larry D. Thompson, Jr.
                                                Matthew J. Antonelli

7

Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington (lead counsel)
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd, Suite 430
Houston, TX 77006
(713) 581-3000

Attorneys for
PROMOTE INNOVATION LLC